Case No. 21-56292

In the United States Court of Appeals
for the Ninth Circuit

MIRANDA WALLINGFORD, et al.,
*Plaintiffs-Appellants*,

v.

ROBERT BONTA, et al.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
(CV 8:21-01412 DOC (KESx))

**APPELLANTS' SUPPLEMENTAL BRIEF RE: RESTRAINING ORDER EXPIRATION AND MOOTNESS**

C. D. Michel
Sean A. Brady
Anna M. Barvir
Alexander A. Frank
Matthew D. Cubeiro
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: abarvir@michellawyers.com

*Counsel for Plaintiffs-Appellants*

November 18, 2022

# TABLE OF CONTENTS

                                                                                                      **Page**

Table of Contents ............................................................................................ i

Table of Authorities ....................................................................................... ii

Introduction .................................................................................................... 1

Argument ........................................................................................................ 2

I.      The Restraining Orders Against the Wallingfords' Are Likely to Be Renewed Imminently .................................................................................. 2

II.     The Wallingfords' Claims Are Not Moot Because They Can Reasonably Be Expected to Recur ........................................................................... 2

        A.     The Wallingfords' Claims Are Not Moot Because They Are Capable of Repetition Yet Evading Review .................................................. 3

        B.     Even If Ms. Nguyen Did Not Seek to Renew the Expired Restraining Order, the Wallingfords' Claims Are Not Moot Under the "Voluntary Cessation" Doctrine .................................................................. 7

Conclusion ...................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguirre v. S.S. Sohio Intrepid*,
  801 F.2d 1185 (9th Cir. 1986) .................................................................. 2

*Barilla v. Ervin*,
  886 F.2d 1514 (9th Cir. 1989) .................................................................. 3

*Carroll v. Pres. & Comm'rs of Princess Anne*,
  393 U.S. 175 (1968) .................................................................................. 4

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) .................................................................................... 4

*City of Mesquite v. Aladdin's Castle*,
  455 U.S. 283 (1982) .................................................................................. 7

*Cnty. of Los Angeles v. Davis*,
  440 U.S. 625 (1979) .................................................................................. 3

*Doe v. Reed*,
  697 F.3d 1235 (9th Cir. 2012) .................................................................. 7

*Fed. Election Comm'n v. Wisc. Right to Life, Inc.*,
  551 U.S. 449 (2007) ............................................................................. 3, 4

*First Nat'l Bank of Bos. v. Bellotti*,
  435 U.S. 765 (1978) .................................................................................. 7

*Friends of the Earth v. Laidlaw*,
  528 U.S. 167 (2000) .................................................................................. 3

*Kremens v. Bartley*,
  431 U.S. 119 (1977) .................................................................................. 8

*Lindquist v. Idaho State Bd. of Corrs.*,
  776 F.2d 851 (9th Cir. 1985) ............................................................... 2, 3

*Murphy v. Hunt*,
  455 U.S. 478 (1982) .................................................................................. 4

*Native Vill. of Noatak v. Blatchford*,
    38 F.3d 1505 (9th Cir. 1994) ....................................................................... 3

*Roe v. Wade*,
    410 U.S. 113 (1973) ..................................................................................... 4

*Spencer v. Kemna*,
    523 U.S. 1 (1998) ......................................................................................... 3

*Super Tire Engineering Co.* v. *McCorkle*,
    416 U.S. 115 (1974) .................................................................................. 6, 7

*United States v. Conc. Phosphate Export Ass'n, Inc.*,
    393 U.S. 199 (1968) ............................................................................. 3, 5, 8

*United States v. W. T. Grant Co.*,
    345 U.S. 629 (1953) ..................................................................................... 7

*United States Dep't of Treas. v. Galioto*,
    477 U.S. 556 (1986) ..................................................................................... 8

**Statutes**

Cal. Code Civ. Proc. § 527.6 ..............................................................1, 2, 8, 4, 6

Cal. Code Civ. Proc. § 527.9 ............................................................................ 4, 6

Cal. Code Civ. Proc. § 27500 ........................................................................... 4, 6

Cal. Code Civ. Proc. § 27540 ........................................................................... 4, 6

Cal. Code Civ. Proc. § 29825 ........................................................................... 4, 6

Cal. Code Civ. Proc. § 30305 ........................................................................... 4, 6

Cal. Code Civ. Proc. § 30306 ........................................................................... 4, 6

Cal. Code Civ. Proc. § 30370 ........................................................................... 4, 6

## INTRODUCTION

The Court recently requested supplemental briefing asking the parties to address whether the California state court restraining orders against the Wallingfords at the heart of this dispute have expired and, if they have, whether the Court should dismiss this appeal as moot. In response to the Court's first question, yes, the initial restraining order expired by its terms on November 1, 2022. Ms. Nguyen, however, immediately filed a request to renew that order, as she is authorized to do on California Code of Civil Procedure section 527.6(j)(1). That motion is scheduled to be heard on November 23, 2022.

But even if the state court denies Ms. Nguyen's renewal request, nothing bars Ms. Nguyen from filing any number of additional restraining order applications, again triggering the automatic firearms prohibition under section 527.6. And because a new challenge would likely take longer to resolve than the term of the injury, this matter can—and should—still be adjudicated under the well-established exception to the mootness doctrine for issues that are "capable of repetition yet evading review."

What's more, even if Ms. Nguyen had not filed for renewal and allowed the restraining orders to expire, this matter would not be moot under the well-established "voluntary cessation" doctrine. Without a doubt, given Ms. Nguyen's history of erratic and irrational behavior, it would surprise absolutely no one if instead of immediately apply for renewal, Ms. Nguyen instead waited several months and then filed a new restraining order petition once this matter is dismissed.

For these reasons, the Wallingfords' claims are not moot, and this Court should thus decide this appeal on the merits.

# ARGUMENT

## I. THE RESTRAINING ORDERS AGAINST THE WALLINGFORDS' ARE LIKELY TO BE RENEWED IMMINENTLY

The state court restraining orders entered against the Wallingfords on November 1, 2019, expired on November 1, 2022. 4-ER-641. But the restraining order applicant (Jessica Nguyen) moved to renew the restraining orders in Orange County Superior Court. Decl. of Anna M. to Req. Jud. Ntc., Ex. A ("Barvir Decl."). That renewal motion is currently set for hearing on November 23, 2022. *Id.* Thus, there is a good likelihood that by the time the Court reads this supplemental briefing, the Wallingfords will be subject to freshly entered restraining orders. Indeed, given the exceptionally low bar to issuance and renewal of restraining orders under California Code of Civil Procedure section 527.6, the state court will likely grant Nguyen's request. That would, of course, re-establish the injury and erase any doubt about the continued justiciability of the Wallingfords' claims.

## II. THE WALLINGFORDS' CLAIMS ARE NOT MOOT BECAUSE THEY CAN REASONABLY BE EXPECTED TO RECUR

If the state court opts not to renew Ms. Nguyen's restraining orders against the Wallingfords, this Court must consider whether the Wallingfords' claims nonetheless remain justiciable. Article III of the United States Constitution confers jurisdiction on federal courts over live "cases" and "controversies." A case becomes "moot if it has lost its character as a present live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986)(quoting *Lindquist v. Idaho State Bd. of Corrs.*, 776 F.2d 851, 853-54 (9th Cir. 1985)). A case may become moot if, after the filing of the appeal, "(1) it can be said with assurance that 'there is no reasonable expectation . . .'

2

that the alleged violation will recur, and (2) interim relief or events have completely and *irrevocably eradicated* the effects of the alleged violation." *Lindquist*, 776 F.2d at 854 (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (emphasis added). "[I]t [must be] absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Conc. Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968). "The 'heavy burden of persuading' the court" that this standard is met "lies with the party asserting mootness." *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 189 (2000) (quoting *Conc. Phosphate*, 393 U.S. as 203).

Because mootness requires a showing that the challenged conduct "could not reasonably be expected to recur," the courts have long recognized two exceptions to mootness. First, courts may decide cases that might otherwise be moot where the challenged conduct constitutes a wrong "capable of repetition yet evading review." *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). And relatedly, it is well established that federal courts do not lose Article III jurisdiction when a defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time. *See Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir. 1989); *Lindquist*, 776 F.2d at 854. So even if the state court denies Ms. Nguyen's request for renewal, both of these well-established exceptions counsel against finding the Wallingfords' claims moot.

### A. The Wallingfords' Claims Are Not Moot Because They Are Capable of Repetition Yet Evading Review

To fit within the "capable of repetition yet evading review" exception to the mootness doctrine, a matter must meet two criteria. *Fed. Election Comm'n v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). There must be a "reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). And "the challenged action is in its duration too short to

3

be fully litigated prior to cessation or expiration." *Id.* (quoting *Spencer*, 523 U.S. at 17). *See, e.g., Roe v. Wade,* 410 U.S. 113, 125 (1973)(right to abortion claim capable of repetition but evading review because usual appellate process exceeds nine months); *Carroll v. Pres. & Comm'rs of Princess Anne,* 393 U.S. 175, 179 (1968)(ten-day restraining order capable of repetition yet always evading review because litigation never would be completed before 10 days expired). Here, both elements are met.

The first prong of the "capable of repetition" exception requires only a "reasonable expectation" or a "demonstrated probability" of recurrence. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam). It need not be expected to recur beyond all doubt. The Supreme Court has thus found "the same controversy sufficiently likely to recur when a party has a reasonable expectation that it 'will again be subjected to the alleged illegality.' " *Wisc. Right to Life, Inc.*, 551 U.S. at 463 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). Here, there is a "reasonable expectation" that the Wallingfords will be subject to the same injury again.

Given the acrimonious history between Ms. Nguyen and the Wallingfords, the expectation that the Wallingfords will suffer the very same injury is more than reasonable. It is probable and imminent. Indeed, Ms. Nguyen already moved to renew the recently lapsed restraining orders. Barvir Decl., ¶ 4, Ex. A. And such requests may be granted even "*without a showing of any further harassment since the issuance of the original order.*" Cal. Code. Civ. Proc. § 527.6 (emphasis added). There is thus little doubt that the restraining orders can and will be renewed, and that the Wallingfords will remain burdened by the unconstitutional firearms restrictions attendant to those orders. Cal. Code Civ. Proc. §§ 527.6(u), 527.9; Cal. Penal Code §§ 27500, 27540, 29825, 30305-306, 30370. It is thus far from "*absolutely clear*" that the harms from which the

Wallingfords seek relief "could not reasonably be expected to recur." *Conc. Phosphate*, 393 U.S. at 203.

What's more, even if Ms. Nguyen did not apply for renewal of the recently lapsed restraining orders, nothing bars her from filing new applications in the future. At any moment, the Wallingfords could find themselves back in court defending against yet another restraining order proceeding and subject to the very same *automatic, non-discretionary* firearms restrictions they challenge in this appeal. As long as Ms. Nguyen lives next door, the Wallingfords can reasonably expect that she will obtain new or renewed restraining orders against them. The Wallingfords' history with Ms. Nguyen bears this out. Recall, Ms. Nguyen already launched two civil actions against the Wallingfords and a petition for a restraining order against Mr. Wallingford, falsely alleging that he assaulted her. 2-ER-73-74; 4-ER-651-52, 660, 673-74; *see also* 2-ER-75-84 (declaration of private investigator finding no corroboration for the assault claim, and instead finding that Ms. Nguyen has a history of, among other things, criminal threats against a neighbor and perjuring herself in court filings). And after her first failed bid for a restraining order, she filed two new petitions against the Wallingfords. 2-ER-22-63; 4-ER-653, 662, 675, one complaining of the Wallingfords' security cameras, 2-ER-23-24; 4-ER-653-54, 662, 675, and the other recycling her earlier false assault allegation. 2-ER-23-24; 4-ER-653, 662, 675. In response, the court issued a temporary restraining order (with firearm restrictions) against Mr. Wallingford until a hearing was held and the permanent restraining order issued. 2-ER-52-63; 4-ER-662, 675. Now, with the filing of Ms. Nguyen's most recent request to renew the recently lapsed restraining order, it is all the more apparent that she has no intention to end her feud with her neighbors. To the contrary, it can "reasonably be expected" that Ms.

Nguyen will keep filing serial restraining order requests, and the Wallingfords' loss of their fundamental Second Amendment rights will be collateral damage.

The Supreme Court's holding in *Super Tire Engineering Co.* v. *McCorkle*, 416 U.S. 115 (1974), is instructive. There, an employer challenged a New Jersey state policy of providing welfare assistance to workers engaged in an economic strike as an unlawful interference with free collective bargaining. *Id.* at 116-17. The employer sought declaratory and injunctive relief. *Id.* at 117. But, during the pendency of the litigation, the labor dispute was settled, and the strike ended. *Id.* The union argued that the dispute was moot "when the particular economic strike terminated upon the execution of the new collective-bargaining agreement." *Id.* at 121. The Court disagreed, holding that, even though the particular strike that sparked the lawsuit had ended, the employer was engaged in cyclically recurring bargaining with union representatives, and the state was continuously following a non-discretionary policy of paying unemployment benefits to employees on strike. *Id.* at 122-24. The harm was thus not entirely speculative. To the contrary, the challenged government action "cast[] what may well be a substantial adverse effect on the interests of the" petitioner employer. *Id.* at 122.

Similarly, Ms. Nguyen is engaged in an ongoing and recurring dispute with the Wallingfords, involving a history of seeking and obtaining section 527.6 restraining order orders against them. And her most recent request to renew those orders reveals that she has no intention to stop. Barvir Decl., ¶ 4, Ex. A. For its part, the State has a non-discretionary policy of revoking the Second Amendment rights of all individuals subject to a section 527.6 restraining order. Cal. Code Civ. Proc. §§ 527.6(u), 527.9; Cal. Penal Code §§ 27500, 27540, 29825, 30305-306, 30370. The Wallingfords have endured that unconstitutional policy for the last three years, and they are exceedingly

6

likely to be subjected to that same unconstitutional policy for the immediate and foreseeable future. In essence, the challenged government action "casts what may well be a substantial adverse effect on the interests of the" Wallingfords. *Super Tire Engineering*, 416 U.S. at 122.

The second prong of the "capable of repetition" exception refers to cases that "present controversies of inherently limited duration. In one of these cases, it is not 'reasonably foreseeable' that plaintiffs can obtain *full* review before their case becomes moot." *Doe v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012)(quoting *First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 774 (1978)). Given that appeals take years and given that the state court has discretion to determine the period of restraint (never to exceed five years or, if the court sets no date, three years) under section 527.6, it is likely that the period of any future restraining order would be shorter than the life of litigation. A future restraining order could expire during an appeal, just like this one did, only for Ms. Nguyen to obtain another order after the matter is dismissed as moot. The Wallingfords are therefore likely to face the same situation again, and it likely would evade review.

### B. Even If Ms. Nguyen Did Not Seek to Renew the Expired Restraining Order, the Wallingfords' Claims Are Not Moot Under the "Voluntary Cessation" Doctrine

It is equally well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289 (1982). "If it did, the courts would be compelled to leave 'the defendant . . . free to return to his old ways.'" *Id.* at 289, n. 10 (citing *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953)). In accordance with that principle, "the standard . . . for determining whether a

case has been mooted by the defendant's voluntary conduct is stringent." *Conc. Phosphate*, 393 U.S. at 203.

Even though the State itself has not voluntarily ceased enforcement of, repealed, or amended the Challenged Statutes, the concern that drives the voluntary-cessation exception is ever-present here. Though it is not Ms. Nguyen's conduct that the Wallingfords are directly challenging, if she were to choose to temporarily suspend her efforts to renew her restraining orders against the Wallingfords (something she has not yet done), that choice might be said to moot the Wallingfords' appeal. That is because her pursuit of those orders is, admittedly, necessary to trigger the mandatory firearm restrictions challenged here. And because section 527.6 bars the state court from making any individualized, discretionary determination about whether the firearm prohibition consequences are justified on a case-by-case basis, nothing prevents Ms. Nguyen from triggering the automatic firearms possession ban. She can help herself to it at any time.

Besides, we know that Ms. Nguyen has already filed for renewal. And there is no likelihood at all that the State will amend, repeal, or stop enforcing section 527.6 of its own volition if renewal is granted. *Cf. United States Dep't of Treas. v. Galioto*, 477 U.S. 556, 559-60 (1986)(amendment to federal statute rendered case moot); *Kremens v. Bartley*, 431 U.S. 119, 129 (1977) (statute providing for commitment of minors repealed, rendering case of named appellants moot). The State has stridently defended the Challenged Statutes, has not suggested that it agrees with the Wallingfords' claim that it violates the Second Amendment even a little, and even opposes leave to amend for the Wallingfords to plead a facial constitutional challenge. That reason especially counsels against finding this case moot, because if the Court agrees that the statute

8

cannot be challenged facially, then this individual as-applied challenge is the Wallingfords' only chance at redress.

## CONCLUSION

For these reasons, the Wallingfords' claims are not moot. The Court should thus rule on their constitutional claims on the merits.

Dated:  November 18, 2022		Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir

Anna M. Barvir
*Attorneys for Plaintiffs-Appellants*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 21-56292 |

I am the attorney or self-represented party.

**This brief contains** | 2,485 | **words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

   ○ it is a joint brief submitted by separately represented parties;

   ○ a party or parties are filing a single brief in response to multiple briefs; or

   ○ a party or parties are filing a single brief in response to a longer joint brief.

⦿ complies with the length limit designated by court order dated | 11/4/2022 | .

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Anna M. Barvir | **Date** | 11/18/2022 |
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**      *Rev. 12/01/2018*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, an electronic PDF of APPELLANTS' SUPPLEMENTAL BRIEF RE: RESTRAINING ORDER EXPIRATION AND MOOTNESS was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Dated: November 18, 2022

Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir

Anna M. Barvir
*Attorneys for Plaintiffs-Appellants*