21-56292

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**MIRANDA WALLINGFORD and RICHARD WALLINGFORD,**

                        Plaintiffs-Appellants,

    v.

**ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,**

                        Defendants-Appellees.

On Appeal from the United States District Court
for the Central District of California

No. 8:21-cv-01412-DOC-KES
The Honorable David O. Carter, Judge

### DEFENDANT-APPELLEE ROB BONTA'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S NOVEMBER 4, 2022 ORDER

Rob Bonta
Attorney General of California
Thomas S. Patterson
Senior Assistant Attorney General
Benjamin M. Glickman
Supervising Deputy Attorney General

Anthony P. O'Brien
Deputy Attorney General
State Bar No. 232650
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6002
 Fax: (916) 324-8835
 Email: Anthony.OBrien@doj.ca.gov
*Attorneys for Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of California*

## TABLE OF CONTENTS

                                                                              **Page**

INTRODUCTION ................................................................................ 1

ARGUMENT ...................................................................................... 3

    I.    The Expiration of the Restraining Orders and the Superior Court's Dismissal of the Motions to Renew Them Moots this Appeal ............................................................ 3

    II.    No Exception to the Mootness Doctrine Applies ...................... 5

        A.    This Matter is Not "Capable of Repetition, Yet Evading Review" ............................................................ 5

        B.    The "Voluntary Cessation" Exception Does Not Apply ................................................................................ 7

CONCLUSION ................................................................................. 10

# TABLE OF AUTHORITIES

Page

**CASES**

*Already, LLC v. Nike, Inc.*
568 U.S. 85 (2013) ........................................................................... 4, 8

*Brach v. Newsom*
38 F.4th 6 (9th Cir. 2022) ................................................................ *passim*

*DeFunis v. Odegaard*
416 U.S. 312 (1974) ................................................................................ 4

*Enrico's, Inc. v. Rice*
730 F.2d 1250 (9th Cir. 1984) ................................................................ 5

*Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.*
528 U.S. 167 (2000) ................................................................................ 8

*Jessica Nga Nguyen v. Miranda Wallingford*
(Super. Ct. Orange County) Case No. 30-2019-01094599-CU-HR-CJC .......................................................................................... 1

*Jessica Nga Nguyen v. Richard Wallingford*
(Super. Ct. Orange County) Case No. 30-2019-01094603-CU-HR-WJC ......................................................................................... 1

*Koppers Industries, Inc. v. U.S. Environmental Protection Agency*
902 F.2d 756 (9th Cir. 1990) ................................................................ 7

*Martinez v. Wilson*
32 F.3d 1415 (9th Cir. 1994) ................................................................ 9

*Mills v. Green*
159 U.S. 651 (1895) ................................................................................ 5

# TABLE OF AUTHORITIES
## (continued)

Page

*Native Vill. of Noatak v. Blatchford*
    38 F.3d 1505 (9th Cir. 1994) .................................................................. 5

*Preiser v. Newkirk*
    422 U.S. 395 (1975) ........................................................................... 3, 4

*U.S. v. Concentrated Phosphate Export Ass'n*
    393 U.S. 199 (1968) .............................................................................. 4

**STATUTES**

California Code of Civil Procedure
    § 527.6 ................................................................................... *passim*
    § 527.6(u) .............................................................................................. 4
    § 527.6(u)(1) ..................................................................................... 4, 5
    § 527.9 .................................................................................................. 4

California Penal Code
    § 27500 ................................................................................................. 4
    § 27540 ................................................................................................. 4
    § 29825 ................................................................................................. 4
    § 30305-30306 ..................................................................................... 4
    § 30370 ................................................................................................. 4

## INTRODUCTION

Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of California, submits this brief in response to the supplemental questions issued by the Court in its November 4, 2022 order: (1) whether the restraining orders against Plaintiffs-Appellants Miranda and Richard Wallingford (collectively "Wallingfords") had expired; and (2) if they had expired, whether their appeal in this matter was moot. Dkt. 30.

The restraining orders against the Wallingfords have expired. Those restraining orders issued by the Orange County Superior Court[1] took effect on November 1, 2019, and, by their original terms, were set to expire on November 1, 2022. Dkt. 31-1 (Appellants' Supplemental Brief [ASB] at 7); Dkt. 7-5 (4-ER-641, 646). On the date of the restraining orders' expiration, the applicant, Jessica Nga Nguyen, filed motions to renew those orders against both Miranda and Richard Wallingford. Dkt. 31-2 (Appellants' Request for Judicial Notice [Decl. of Anna Barvir], ¶ 3, Exh. A). The Orange County Superior Court dismissed the motions to renew the restraining orders after a hearing on January 17, 2023.[2]

---

[1] *Jessica Nga Nguyen v. Miranda Wallingford* (Super. Ct. Orange County) Case No. 30-2019-01094599-CU-HR-CJC; *Jessica Nga Nguyen v. Richard Wallingford* (Super. Ct. Orange County) Case No. 30-2019-01094603-CU-HR-WJC.

[2] As of the date of the filing of this brief, the Orange County Superior Court has not yet issued a written order dismissing the motions to continue the restraining

The expiration of the restraining orders moots this appeal. The Wallingfords' claims are based solely on the existence of restraining orders prohibiting their possession of firearms. Now that those restraining orders have expired—and the requests for their renewal dismissed—there no longer exists a live case or controversy that could support the Court's review.

Moreover, this case does not fit within any exceptions to the mootness doctrine. First, this matter is not "capable of repetition, yet evading review." The superior court's dismissal of Ms. Nguyen's motions to renew the restraining order demonstrates that a court is not reasonably likely to enter similar orders against the Wallingfords in the future. Moreover, the Wallingfords had three years upon the issuance of the restraining orders to challenge the removal of their firearms under California Code of Civil Procedure section 527.6.[3] Their two-year delay in filing a

---

orders. *See* Declaration of Anthony O'Brien ("O'Brien Decl."), ¶ 5, Exhibits 1-2, submitted concurrently with this brief. However, Matthew Cubeiro, counsel for the Wallingfords in both the present appeal and the state court matters concerning the restraining orders, has confirmed to the Attorney General's counsel that the Orange County Superior Court dismissed Ms. Nguyen's motions to continue the restraining orders against Miranda and Richard Wallingford after its hearing on January 17, 2023. *See* O'Brien Decl., ¶ 3, Ex. 1. Counsel for Ms. Nguyen, Frances Prizzia, has also confirmed with Mr. O'Brien that the superior court denied Ms. Nguyen's motions for renewal of the restraining orders. *See id.*, ¶ 4. The Attorney General will submit a copy of any order issued by the superior court as soon as it becomes available. *See id.*, ¶ 6.

[3] All subsequent statutory references are to the California Code of Civil Procedure, unless otherwise noted.

complaint in this matter does not reflect that "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration." ASB at 3-4 (citation omitted).

Nor does the "voluntary cessation" doctrine save the case from mootness. Defendant-Appellee Bonta has not voluntarily ceased any conduct in response to the litigation. The firearms restrictions no longer apply because the restraining orders "expired by their own terms" and a separate court dismissed Ms. Nguyen's renewal request. *Brach v. Newsom*, 38 F.4th 6, 12 (9th Cir. 2022) (en banc), *petition for cert. filed*, No. 22-250 (Sept. 13, 2022). Given those circumstances, the Wallingfords' challenge to section 527.6 is moot and no exception to mootness authorizes further review. This appeal should therefore be dismissed as moot.

## ARGUMENT

### I. THE EXPIRATION OF THE RESTRAINING ORDERS AND THE SUPERIOR COURT'S DISMISSAL OF THE MOTIONS TO RENEW THEM MOOTS THIS APPEAL

The case is now moot. With the expiration of the restraining orders and the superior court's dismissal of their renewal, there no longer exists any live case or controversy for the Court to decide in this matter.

"The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Preiser v. Newkirk*,

422 U.S. 395, 401 (1975). A controversy must be "definite and concrete" and "touch[] the legal relations of parties having adverse legal interests." *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974). Federal courts are powerless to "decide questions that cannot affect the rights of litigants in the case before them." *Preiser*, 422 U.S. at 401 (quotation marks omitted); *see also U.S. v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur"). Article III also requires that an "'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013).

The Wallingfords cannot meet those requirements. Here, their challenge to section 527.6 and related provisions is moot because the Wallingfords are no longer subject to any restraining order that requires the confiscation of their firearms.[4] Under section 527.6(u)(1), a person subject to a protective order "shall not own, possess, purchase, receive, or attempt to purchase or receive a firearm or ammunition *while the protective order is in effect*," (emphasis added). Here, however, the protective orders against the Wallingfords are no longer in effect; by

---

[4] In their complaint, the Wallingfords challenge sections 527.6, subd. (u), and 527.9 and California Penal Code sections 29825, 27500, 27540, 30305-30306, 30370. Dkt. 7-5 (4-ER-0668-69 [Compl. ¶ 6].)

4

their own terms, the orders expired on November 1, 2022, and the superior court declined to renew them on January 17, 2023. Dkt. 7-5 (4-ER-0641, 646); O'Brien Decl., ¶¶ 3-4, Ex. 1. Without any restraining order that would trigger application of section 527.6(u)(1), the Wallingfords are not restricted by operation of that provision from possessing firearms, and there is no controversy for the Court to resolve. *See Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1253 (9th Cir. 1984) (*quoting Mills v. Green*, 159 U.S. 651, 653 (1895) ("It is our duty 'to decide actual controversies ... and not to give opinions upon . . . abstract propositions . . . .'")).

## II. NO EXCEPTION TO THE MOOTNESS DOCTRINE APPLIES

The Wallingfords contend that two exceptions to the mootness doctrine save their case from mootness, but neither doctrine does.

### A. This Matter is Not "Capable of Repetition, Yet Evading Review"

The Wallingfords first argue that "the challenged conduct constitutes a wrong 'capable of repetition yet evading review,'" ASB at 3 (*quoting Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994)). That is incorrect. The "capable of repetition yet evading review 'exception is limited to extraordinary cases where "there is a reasonable expectation that the plaintiffs will be subjected to [the challenged action] again" and "the duration of [such] action is too short to allow full litigation before it ceases." *Brach*, 38 F.4th at 15 (citation omitted). The Wallingfords cannot satisfy either requirement.

5

First, there is no reasonable expectation that the Wallingfords will be subject to section 527.6's dispossession requirements again. The restraining orders expired of their own terms and the state court denied a request to renew them—despite the Wallingfords' characterization that there is an "exceptionally low bar to issuance and renewal of restraining orders," ASB at 2. The superior court's denial of a renewal follows an extensive history of hearings between Ms. Nguyen and the Wallingfords.[5] The superior court, well aware of this history, *still* declined to renew the restraining orders after another hearing on January 17, 2023. O'Brien Decl. ¶¶ 3-4, Ex. 1. The court's dismissal of the motions to renew the orders reflects that it is speculative to assume that Ms. Nguyen would seek and succeed in obtaining any new restraining order in the future. And the mere possibility that a restraining order could issue "is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists. Rather, there must be evidence indicating that the" restraining order is "likely" to be reissued. *Brach*, 38 F.4th at 14; *see also id.* at 15.

---

[5] The state court matter involves prior requests for restraining orders (by Ms. Nguyen on June 25, 2018 and September 5, 2019, and by Miranda Wallingford on June 17, 2019), a hearing on August 17, 2018, and a two-day trial on September 30 and October 21, 2019, culminating in the court's November 1, 2019 order for a three-year restraining order. *See* Dkt. 7-5 (4-ER-373-429, 640-46 [Nov. 1, 2019 Minute Orders]; 673-75 [Compl. ¶¶ 25-26, 30, 37]; *see also* Dkt. 7-3 (2-ER-22-63); Dkt. 7-4 (3-ER-373-429).

Second, the Wallingfords cannot establish that the duration of the challenged conduct is "too short to allow full litigation before it ceases." *Brach*, 38 F.4th at 15. Here, this matter has not evaded review because of any obstacle arising out of the typical duration of the challenged action; rather, the Wallingfords delayed for two years in bringing this action. An action does not evade review where, as here, mootness is caused by a party's inexcusable delay. *See Koppers Industries, Inc. v. U.S. Environmental Protection Agency*, 902 F.2d 756, 758-59 (9th Cir. 1990) (noting that the "capable of repetition, yet evading review" exception "does not apply where, through the party's own failure to seek and obtain a stay, he or she has prevented an appellate court from reviewing the trial court's decision"). The Wallingfords waited until August 2021—nearly two years after the restraining order issued in November 2019—to bring this action in district court. Dkt. 7-5 (4-ER-681). Had they challenged application of section 527.6 promptly, they likely would have adjudicated their claims before the restraining orders expired of their own terms.

### B. The "Voluntary Cessation" Exception Does Not Apply

The "voluntary cessation" doctrine does not apply here because no party voluntarily ceased conduct that is challenged in this matter. The voluntary cessation doctrine is intended to prevent gamesmanship by parties who "engage in unlawful conduct, stop when sued to have the case declared moot, then pick up

7

where [they] left off, repeating this cycle" until they achieve "all [their] unlawful ends." *Already*, 568 U.S. at 91. In such cases, the matter is not moot because it is possible for the challenged conduct to be restarted. *See Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("[t]he voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed").

As the name suggests, however, the doctrine only applies if a defendant's decision to stop engaging in the challenged conduct was "voluntary." Here, however, the Attorney General has not abandoned enforcement of section 527.6 because of the litigation or in any "voluntary" way. Rather, the restraining orders triggering application of section 527.6 "expired by their own terms" in November 2022. *Brach*, 38 F.4th at 12. And a separate state trial court dismissed Ms. Nguyen's request to renew the restraining orders, effectively ending any realistic prospect that section 527.6 would operate against the Wallingfords again.[6] As the Wallingfords forthrightly acknowledge, the "State itself has not voluntarily ceased

---

[6] The Wallingfords also suggest that the "voluntary cessation" exception applies because Ms. Nguyen could "choose to temporarily suspend her efforts to renew her restraining orders." ASB at 7-8. But Ms. Nguyen is not a state actor. In any event, she did seek renewal of those orders. It is the independent state court that dismissed her request on January 17, 2023. (O'Brien Decl., ¶¶ 3-4, Ex. 1.).

8

enforcement of" the challenged statutes. ASB at 8. That alone is enough to deny application of the voluntary cessation doctrine.

Even if the voluntary cessation doctrine facially applied, the Attorney General has carried his "burden of establishing that 'the challenged behavior cannot reasonably be expected to recur.'" *Brach*, 38 F.4th at 12. As established above, there is no reasonable expectation that the Wallingfords will be subject to the requirements of section 527.6 again. "[W]hen there is no reasonable expectation that the alleged violation will recur, and interim relief or events have eradicated the effects of the alleged violation, the case is moot and [the Court's] jurisdiction abates." *Martinez v. Wilson*, 32 F.3d 1415, 1420 (9th Cir. 1994). Such is the case here, as the restraining orders that triggered application of section 527.6 have expired by their own terms and the superior court has declined to renew them.

/ / /

/ / /

## CONCLUSION

The appeal should be dismissed as moot.

Dated:  January 27, 2023				Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General


*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of California*

SA2021305878
36881336.docx

10

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 21-56292 |

I am the attorney or self-represented party.

**This brief contains** | 2,164 | **words, including** | 0 | **words** manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

☐ complies with the word limit of Cir. R. 32-1.

☐ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

☐ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

☐ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

☐ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  ☐ it is a joint brief submitted by separately represented parties.
  ☐ a party or parties are filing a single brief in response to multiple briefs.
  ☐ a party or parties are filing a single brief in response to a longer joint brief.

● complies with the length limit designated by court order dated | Nov 4, 2022 |.

☐ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Anthony P. O'Brien | **Date** | Jan 27, 2023 |
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 8                            *Rev. 12/01/22*

# CERTIFICATE OF SERVICE

| Case Name: | **Miranda Wallingford et al. v. Rob Bonta** | No. | **21-56292** |
|---|---|---|---|

I hereby certify that on <u>January 27, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT-APPELLEE ROB BONTA'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S NOVEMBER 4, 2022 ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 27, 2023</u>, at Sacramento, California.

| Ksenia Lavrushchak | */s/ Ksenia Lavrushchak* |
|---|---|
| Declarant | Signature |

SA2021305878
36883752.docx