Case No. 21-56292

In the United States Court of Appeals
for the Ninth Circuit

MIRANDA WALLINGFORD, et al.,
*Plaintiffs-Appellants,*

v.

ROBERT A. BONTA, et al.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
(CV 8:21-01412 DOC (KESx))

**APPELLANTS' COURT-ORDERED RESPONSE TO APPELLEES'
MOTION TO DISMISS APPEAL AS MOOT**

C. D. Michel
Sean A. Brady
Anna M. Barvir
Alexander A. Frank
Matthew D. Cubeiro
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: abarvir@michellawyers.com

*Counsel for Plaintiffs-Appellants*

February 15, 2023

# TABLE OF CONTENTS

**Page**

Table of Contents ............................................................................................. i

Table of Authorities ........................................................................................ ii

Introduction ..................................................................................................... 1

Argument .......................................................................................................... 1

I.    This Court Should Decide the Wallingfords' Claims Under the Exception to Mootness for Issues That Are "Capable of Repetition Yet Evading Review" .... 1

    A.    Even Though the State Court Denied Ms. Ngyuen's TRO Renewal Request, the Wallingfords' Claims Remain Justiciable Because There Is a Reasonable Expectation of Recurrence ...................................................... 1

    B.    There Is Another Species of the "Capable of Repetition" Exception That Justifies Not Finding This Matter Moot ................................................ 5

II.    The Voluntary Cessation Doctrine Applies Despite Is Unusual Operation in This Case ......................................................................................................... 7

Conclusion ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Hill*,
667 F.3d 1061 (9th Cir. 2012) ...........................................................5, 6

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ............................................................................2

*Doe v. Reed*,
697 F.3d 1235 (9th Cir. 2012) ..........................................................4

*Fed. Election Comm'n v. Wisc. Right to Life, Inc.*,
551 U.S. 449 (2007) .......................................................................2, 4

*First Nat'l Bank of Bos. v. Bellotti*,
435 U.S. 765 (1978) ..........................................................................4

*Friends of the Earth v. Laidlaw*,
528 U.S. 167 (2000) ..........................................................................1

*Hooks v. Nextstar Broad., Inc.*,
54 F.4th 1101 (9th Cir. 2022) ...........................................................4

*Kingdomware Techs, Inc. v. United States*,
579 U.S. 162 (2016) ..........................................................................4

*Koppers Industries, Inc. v. U.S. Env'tl Prot. Agency*,
902 F.2d 756 (9th Cir. 1990) ............................................................5

*Murphy v. Hunt*,
455 U.S. 478 (1982) ..........................................................................2

*New York State Rifle & Pistol Ass'n. v. Bruen*,
__ U.S. __, 142 S. Ct. 2111 (2022) ...............................................3, 8

*Or. Advoc. Ct. v. Mink*,
332 F.3d 1101 (9th Cir. 2003) ..........................................................6

*S. Pac. Terminal Co v. ICC*,
219 U.S. 498 (1911) ..........................................................................4

*Spencer v. Kemna*,
    523 U.S. 1 (1998) ................................................................................ 2

*Super Tire Engineering Co. v. McCorkle*,
    416 U.S 115 (1974) ............................................................................ 7

*United States Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980) .......................................................................... 8

*United States v. Conc. Phosphate Export Ass'n, Inc.*,
    393 U.S. 199 (1968) ....................................................................... 1, 2

*United States v. Howard*
    480 F.3d 1005 (9th Cir. 2007) ........................................................ 5, 6

**Statutes**

Cal. Code Civ. Proc., § 527.6 ............................................................. 1, 4, 7

**Other Authorities**

Fed. R. Civ. Proc. 23 .............................................................................. 7

## INTRODUCTION

Even though the California state court rejected Jessica Nguyen's request to renew the restraining orders against the Wallingfords, the Wallingfords' arguments under the doctrines of "capable of repetition yet evading review" and "voluntary cessation" still have merit. "The 'heavy burden of persuading' the court" that a case is moot "lies with the party asserting mootness," and the State's supplemental brief (Dkt. No. 39) does not satisfy that "heavy" burden. *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 189 (2000) (quoting *Conc. Phosphate*, 393 U.S. as 203).

## ARGUMENT

I. **THIS COURT SHOULD DECIDE THE WALLINGFORDS' CLAIMS UNDER THE EXCEPTION TO MOOTNESS FOR ISSUES THAT ARE "CAPABLE OF REPETITION YET EVADING REVIEW"**

A. **Even Though the State Court Denied Ms. Nguyen's TRO Renewal Request, the Wallingfords' Claims Remain Justiciable Because There Is a Reasonable Expectation of Recurrence**

The Wallingfords acknowledge that the state court's unexpected denial of Ms. Ngyuen's request to renew the restraining orders against them might prompt this Court to ask whether this case "nonetheless remain[s] justiciable." Appellants' Suppl. Br. Re: Restraining Order Expiration & Mootness ("ASB") 2 (Nov. 18, 2022) (ECF No. 31-1). But as the Wallingfords argued in their supplemental brief, despite that denial, nothing bars Nguyen from filing any number of additional restraining order applications—again triggering the automatic firearms prohibition under section 527.6. And because a new challenge would almost certainly take longer to resolve than the limited term of the injury, this matter should still be adjudicated under the exception to the mootness doctrine for issues that are "capable of repetition yet evading review." Again, to fit within this exception to the mootness doctrine, (1) there must be a

1

"reasonable expectation that the same complaining party will be subject to the same action again," and (2) "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration." *Fed. Election Comm'n v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Here, both elements are met.

The first prong requires only a "reasonable expectation" or a "demonstrated probability" that the complained of injury will recur. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam); *Wisc. Right to Life, Inc.*, 551 U.S. at 463 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). It need not be certain beyond any doubt that it will. Here, even though the state court rejected Nguyen's renewal request, there is little room to question whether Ms. Nguyen's restraining order campaign against the Wallingfords will continue. At minimum, it is *not* "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Conc. Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968).

On the contrary, as long as Nguyen is the Wallingfords' neighbor, it remains very likely—not merely "reasonable"—that she will file at least one more TRO petition and will achieve (at least temporary) success. Again, Ms. Nguyen's history bears this out. She has already launched two civil actions against the Wallingfords and a TRO petition against Mr. Wallingford based on false allegations of assault. 2-ER-73-74; 4-ER-651-52, 660, 673-74. And even though the court ultimately denied Ms. Nguyen's first TRO petition, finding the assault allegations to be baseless, the court *did* issue a temporary restraining order (*with firearm restrictions*) against Mr. Wallingford until a hearing on the petition could be held. 2-ER22-23 ("The only clear and convincing evidence I have heard here is … that there's a lot of animosity by Ms. Nguyen towards

2

her neighbor regarding trees, leaves, security cameras. I think that was demonstrated in some of these pictures. What I don't have here is clear and convincing evidence that there has been harassment by Mr. Wallingford towards Ms. Nguyen; so, therefore, I am denying the request for a civil harassment order, and the temporary restraining order that was previously issued is dissolved.").

After the denial of her first TRO petition, *Ms. Nguyen filed two more petitions against the Wallingfords*—relying, in part, on the same false claims that Mr. Wallingford had assaulted her. 2-ER-22-63; 4-ER-653, 662, 675. In response, as is typical when a TRO petition alleges physical violence, the state court *again* issued a temporary restraining order (*with firearm restrictions*) until a hearing on the petition could be held. 2-ER-52-63; 4-ER-662, 675.[1] This temporary order, of course, became "permanent," expiring on January 17, 2023, when the court denied the Ms. Nguyen's request for renewal. Decl. of Anna M. to Req. Jud. Ntc., ¶ 5 ("Barvir Decl."). That denial, it seems, did not sit well with Ms. Nguyen. "[W]hile walking out of the courtroom after the judge had called a recess for a second time following an altercation between the judge and Mrs. Nguyen's counsel, Mrs. Nguyen turned to [the Wallingfords] and stated, 'You are not going to get away with this.'" Barvir Decl., Ex. B.

Because it is typical for the state court to immediately grant a temporary restraining order when a TRO petition alleges violence, it is almost certain that the Wallingfords will be subject to the same firearm restrictions in the very likely event that Ms. Nguyen files yet another (baseless) petition. And because the duration of any such

---

[1] Even though the state court acknowledged that the second temporary restraining order was entered based, in part, on the court's *mistaken* belief that the petition was based on *new* allegations of violence, the court denied the Wallingfords' request to dissolve the temporary restraining order until after the full hearing. 3-ER-427-28.

3

order would be mere weeks, there is no doubt that "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration." *Wisc. Right to Life, Inc.*, 551 U.S. at 462; *see also Doe v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012) (quoting *First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 774 (1978)) (observing that a case is not moot when "it is not 'reasonably foreseeable' that plaintiffs can obtain *full* review before their case becomes moot").

In short, Ms. Nguyen has a checkered history of abusing the court system against her neighbors, including the Wallingfords, and there is no objective reason to think she will not continue to do so. *See* 2-ER-75-84 (declaration of private investigator finding no corroboration for the assault claim, and instead finding that Ms. Nguyen has a history of, among other things, criminal threats against a neighbor and perjuring herself in court filings). She has *repeatedly* lied about the Wallingfords in state court to obtain orders against them, and she can reasonably be expected to lie again to secure such orders in the future. Simply put, the State's argument that "there is no reasonable expectation that the Wallingfords will be subject to section 527.6's dispossession requirements again" is baseless. State's Suppl. Br. ("SSB") 6.

Further, the State's argument that the Wallingfords should be barred from benefitting under this mootness exception because they waited too long to file their federal suit is unavailing. SSB 7. Even if the Wallingfords had filed suit right after entry of the restraining order, federal litigation—through appeal—takes *years* to resolve. Indeed, "[t]he Supreme Court has held that "a period of two years is too short to complete judicial review." *Hooks v. Nextstar Broad., Inc.*, 54 F.4th 1101 (9th Cir. 2022) (citing *Kingdomware Techs, Inc. v. United States*, 579 U.S. 162 (2016); *S. Pac. Terminal Co v. ICC*, 219 U.S. 498, 514-16 (1911)). Given that a temporary restraining order would last

mere weeks and the default length of a permanent restraining order is just three years, unless otherwise specified, it is exceedingly likely that the Wallingfords would be shut out of court again in the middle of their appeal. This would be so even if they sued in federal court immediately. Whatever delay they may be responsible for this time around does not change that.

What's more, the case the State relies on for its argument, *Koppers Industries, Inc. v. U.S. Env'tl Prot. Agency*, 902 F.2d 756, 758-59 (9th Cir. 1990), does not stand for the broad rule for which the State relies on it. In *Koppers*, this Court construed a party's failure to move to quash a search warrant "until a full week after it had been fully executed," *id.* at 759, as grounds for rejecting its attempt to take shelter under the "capable of repetition, yet evading review" doctrine, along with the EPA's representation that there was no probability that it would need another search warrant, *id.* Waiting for a harm to become irreversible before challenging it in court is different than suing after the harm began but is still continuing.

### B. There Is Another Species of the "Capable of Repetition" Exception That Justifies Not Finding This Matter Moot

Should this Court find that the likelihood of repetition here is not sufficiently certain to warrant application of the "capable of repetition" exception, the Ninth Circuit recognizes a variation on this mootness exception applicable here. *See Alvarez v. Hill*, 667 F.3d 1061 (9th Cir. 2012) (citing *United States v. Howard* 480 F.3d 1005 (9th Cir. 2007)). That "exception [known as *Howard*'s exception] applies where, although there is no reasonable likelihood that the plaintiff *himself* will be subjected to the same alleged harm in the future, he is, nevertheless, challenging ongoing policies to which others will continue to be subject." *Id.* (emphasis added).

5

In *Howard*, this Court reasoned that "although the particular situation precipitating a constitutional challenge to a government policy may have become moot, *the case does not become moot if the policy is ongoing.*" 480 F.3d at 1010 (emphasis added); *see also Or. Advoc. Ct. v. Mink*, 332 F.3d 1101, 1118 (9th Cir. 2003) ("[E]ven if the particular situation that precipitates an organization's challenge to a government policy resolves itself at some point during the litigation, the case is not moot as long as the continued existence of the policy is uncontested."). In short, "[t]he continued and uncontested existence of the policy that gave rise to [the] legal challenges forecloses [the] mootness argument." *Id.* (quoting *Or. Advocacy Ct.*, 332 F.3d at 1118).

Indeed, as this Court has reasoned:

> As a practical matter, this case is materially similar to a class action in which the class representative's claims may become moot, but there are members of the class whose claims are not moot. The Supreme Court has held that under the capable of repetition, yet evading review doctrine, the termination of a class representative's claim does not moot the claims of other class members. [citation omitted]. *This holding applies outside of the class action context when the circumstances of the case are analogous to those found in class action cases.* [citations omitted]. The defendants in this case are seeking to represent interests broader than their own, and the attorney bringing the case is a Federal Public Defender with other clients with a live interest in the case.

*Id.* (emphasis added). "[W]here civil class actions would not be conducive to obtaining the relief sought," the circumstances here are not so dissimilar to *Howard* that the exception should not apply here. *Alvarez*, 667 F.3d at 1065. In fact, the circumstances are similar and its rationale maps onto this situation well.

The focus of this case is a challenge to an ongoing government policy in a quasi-criminal proceeding context. There is a state law operating as a total destruction of a constitutional right without sufficient due process, and concerns about issues like this are important in both the civil and criminal law forums. Restraining order proceedings

6

are similarly "short-lived." And "civil class actions would not be conducive to obtaining relief sought" here because, although the injury may be the same, the fact is that every individual subject to a restraining order is uniquely situated as far as the conduct that was the basis for the entrance of the restraining order against them. Such a situation would strongly counsel against class certification under Federal Rule of Civil Procedure 23(a)'s requirements.

## II. THE VOLUNTARY CESSATION DOCTRINE APPLIES DESPITE IS UNUSUAL OPERATION IN THIS CASE

The State contends that the voluntary cessation doctrine "does not apply here because no party voluntarily ceased conduct that is challenged in this matter," and "[t]he Attorney General has not abandoned enforcement of section 527.6 because of the litigation or in any 'voluntary way.'" SSB 7. While it is true the State has never stopped enforcing section 527.6, that does not really matter to the analysis of the doctrine under the unique circumstances of this case.

As the Wallingfords argued in their supplemental brief, the lever that triggers the injury that the Wallingfords complain of (i.e., the operation of section 527.6's automatic, non-discretionary, and total firearm possession ban), is in Ms. Nguyen's hands. So the proper focus is on Nguyen's actions, not the State's. And, as the Wallingfords have repeatedly highlighted, nothing except her own desires precludes Ms. Nguyen from petitioning for another restraining order whenever she wants. What's more, this attenuation between the operation of a policy that creates injury and the party proximately responsible for triggering operation of the policy was a non-issue for the voluntary cessation analysis under the Supreme Court case cited in the Wallingford's November 18, 2022, supplemental brief. ASB 6 (citing *Super Tire Engineering Co. v. McCorkle*, 416 U.S 115 (1974)).

7

Last, it is reasonable to construe the State's admission that it is still enforcing its law as an admission that the matter is ripe for a facial constitutional challenge under *New York State Rifle & Pistol Ass'n. v. Bruen*, __ U.S. __, 142 S. Ct. 2111 (2022).

## CONCLUSION

The "flexible character of the [Article] III mootness doctrine" and the reality that "justiciability is not a legal concept with a fixed content or susceptible of scientific verification" counsels against finding mootness here. This is an unusual situation with an important fundamental rights question at its core. This case can and should be adjudicated because it has broad implications for society at large, not just the Wallingfords. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 400-01 (1980) (internal quotation marks omitted).

In short, the Wallingfords' claims are not moot, and this Court should rule that they remain justiciable even though the restraining order against the Wallingfords was recently allowed to expire.

Dated:  February 15, 2023

Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir

Anna M. Barvir
*Attorneys for Plaintiffs-Appellants*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 21-56292

I am the attorney or self-represented party.

**This brief contains** | 2,381 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◯ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  ☐ it is a joint brief submitted by separately represented parties.
  ☐ a party or parties are filing a single brief in response to multiple briefs.
  ☐ a party or parties are filing a single brief in response to a longer joint brief.

⊙ complies with the length limit designated by court order dated | 02/01/23 |.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Anna M. Barvir | **Date** | February 15, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                                 *Rev. 12/01/22*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2023, an electronic PDF of APPELLANTS' COURT-ORDERED RESPONSE TO APPELLEES' MOTION TO DISMISS APPEAL AS MOOT was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Dated: February 15, 2023        Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
_____
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants*