Case No. 21-56292

In the United States Court of Appeals
for the Ninth Circuit

MIRANDA WALLINGFORD, et al.,
*Plaintiffs-Appellants*,

v.

ROBERT BONTA, et al.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
(CV 8:21-01412 DOC (KESx))

**APPELLANTS' MOTION TO TAKE JUDICIAL NOTICE;
DECLARATION OF ANNA M. BARVIR IN SUPPORT**

C. D. Michel
Sean A. Brady
Anna M. Barvir
Alexander A. Frank
Matthew D. Cubeiro
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: abarvir@michellawyers.com

*Counsel for Plaintiffs-Appellants*

February 15, 2023

## MOTION TO TAKE JUDICIAL NOTICE

Under Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, Appellants Miranda and Richard Wallingford request that this Court take judicial notice of the document identified below and identified in the attached Declaration of Anna M. Barvir because it is not subject to reasonable dispute and because it has direct bearing on this matter:

1. **Exhibit B**: Declaration of Miranda Wallingford in Support of Respondent's Motion for Attorney's Fees, filed on February 15, 2023, in the state court matter, *Nguyen v. Wallingford*, Orange Super. Ct. Case No. 30-2019001094599-CU-HR-CJC, and served on Petitioner Jessica Nga Nguyen.

## BACKGROUND

On November 1, 2022, the state-court restraining orders against the Wallingfords were set to expire per their terms. Declaration of Anna M. Barvir ("Barvir Decl."), ¶ 2; 4-ER-641. That day, however, the Wallingfords' neighbor filed a motion to modify the protective order—ostensibly to extend the order pursuant to California Penal Code section 527.6. *Id.* ¶ 3. The hearing on the motion was originally scheduled to be heard on November 23, 2022. *Id.* But it was twice continued and finally heard on January 17, 2023. *Id.* ¶ 5. At the hearing, the state court rejected Ms. Nguyen's renewal request and agreed to hear a properly noticed motion for attorney's fees. *Id.* The Wallingfords filed their fee motion on February 15, 2023. *Id.* ¶ 6.

On February 1, 2023, having reviewed the State's supplemental brief in this appeal, construed the State's brief as a motion to dismiss the appeal as moot and ordered the Wallingfords to file a response on or before February 15, 2023. Order (Feb. 1, 2023) (ECF No. 44). Mrs. Wallingford's declaration, filed in support of the Wallingfords' state-court fee motion, is relevant to whether the conduct the Wallingfords complain of can be reasonably expected to recur—a question now before this Court.

2

The Wallingfords thus seek judicial notice of the Declaration of Miranda Wallingford in Support of Respondent's Motion for Attorney's Fees, filed on February 15, 2023, in the state court matter.

## ARGUMENT

Normally, appellate review is limited to the record that was before the district court. *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007). But that rule "is subject to the right of an appellate court in a proper case to take judicial notice of new developments not considered by the lower court." *Landy v. FDIC*, 486 F.2d 139, 151 (3d Cir. 1973) (citing 31 C.J.S., Evidence § 13, at 842 (1964)). Indeed, this Court has made exceptions to the general rule whenever appropriate to " 'to take judicial notice.' " *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007) (quoting *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003)).

Under the Federal Rules of Evidence, at any stage of the proceedings, the Court may take judicial notice of any fact "that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. Rules Evid. 201(b), (d); *see also Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006); Fed. R. Evid. 201 advisory committee's note ("In accord with the usual view, judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal."). This Circuit has held that Rule 201 authorizes the courts to "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Indeed, this Court often takes judicial notice of court documents that provide relevant and material details that add to or clarify an issue on appeal. *E.g.*, *Holder v. Holder*, 305 F.3d 854, 866–67 (9th Cir. 2002) (taking judicial notice of the California

Court of Appeal opinion and the briefs filed in that appeal and in the trial court to decide that issue preclusion did not bar petitioner's Hague Convention claim because the waiver issued was not litigated and necessarily decided in the state courts); *Tsu v. Vos*, 217 F.3d 846 & n.3 (9th Cir. 2000) (taking judicial notice of appellant's California Court of Appeal's judgment in a related case to determine the district court properly determined the action was barred by res judicata); *Williams v. Clouse*, 23 Fed. Appx. 681, 682 & n.1 (9th Cir. 2001) (unpublished) (taking judicial notice of the California Court of Appeals' judgment affirming appellant's criminal conviction in the superior court to determine res judicata barred the district court action).

Here, the Wallingfords ask this Court to take judicial notice of an Orange Superior Court record recently filed and served in a matter directly related to this appeal. Barvir Decl., ¶¶ 3-4, Ex. B. It cannot reasonably be disputed that this filing—as part of the public record in a judicial proceeding—is an appropriate subject for judicial notice. Moreover, the Wallingfords bring this court record to this Court's attention because it directly relates to the issue of whether the Wallingfords can "reasonably expect" that the conduct they complain of in this litigation will recur. Failure to take judicial notice of these documents would be contrary to the interests of justice and the efficient use of judicial resources. *See Dickerson v. Alabama*, 667 F.2d 1364, 1369 (11th Cir. 1982).

## CONCLUSION

For the foregoing reasons, the Wallingfords respectfully request that this Court take judicial notice of Exhibit B attached to the Declaration of Anna M. Barvir attached hereto.

Dated: February 15, 2023  Respectfully submitted,
**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants*

4

## DECLARATION OF ANNA M. BARVIR

1. I, Anna M. Barvir, am an attorney at the law firm Michel & Associates, P.C., attorneys of record for Appellants Miranda and Richard Wallingford in this action. I am licensed to practice law before the United States Court of Appeals for the Ninth Circuit. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2. On November 1, 2022, the state-court restraining orders against my clients, Miranda and Richard Wallingford, were set to expire per their terms.

3. On or about November 1, 2022, Jessica Nguyen filed a motion to modify the protective orders against my clients in the state-court matter, *Nguyen v. Wallingford*, Orange Super. Ct. Case No. 30-2019001094599-CU-HR-CJC. The hearing on the motion is scheduled to be heard on November 23, 2022.

4. On or about November 5, 2022, the Wallingfords notified my office that they had been served with a Notice of Hearing re: Motion to Modify a Protective Order (Civil Harassment or Workplace Violence) in *Nguyen v. Wallingford*, Orange Super. Ct. Case No. 30-2019001094599-CU-HR-CJC. *See* Decl. of Anna M. to Req. Jud. Ntc., Ex. A (Nov. 18, 2022) (ECF No. 32).

5. The hearing on Ms. Nguyen's renewal request was scheduled to be heard on November 23, 2022, but it was twice continued and finally heard on January 17, 2023. At the January 17th hearing, the state court denied Ms. Nguyen' renewal petition and agreed to hear the Wallingfords' request for attorney's fees upon a duly noticed motion to be filed on or before February 15, 2023.

6. On February 15, 2023, my office filed a fee motion on the Wallingfords' behalf in the state court. In support of that motion, Mrs. Wallingford executed a declaration. Attached as **Exhibit B** is a true and correct copy of the Declaration of Miranda Wallingford in Support of Respondent's Motion for Attorney's Fees, filed on February 15, 2023, in the state court matter, *Nguyen v. Wallingford*, Orange Super. Ct.

Case No. 30-2019001094599-CU-HR-CJC, and served on Petitioner Jessica Nga Nguyen.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of February 2023 at Corona, California.

s/ Anna M. Barvir
Declarant

# EXHIBIT B

Electronically Filed by Superior Court of California, County of Orange, 02/15/2023 02:13:00 PM.
30-2019-01094599-CU-HR-CJC - ROA # 65 - DAVID H. YAMASAKI, Clerk of the Court By E. efilinguser, Deputy Clerk.
Case 2:23-cv-02532-JLS-JDE Document 46 Filed ... Page 8 of 14

C.D. Michel—SBN 144258
Matthew D. Cubeiro—SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: mcubeiro@michellawyers.com

Attorneys for Respondent

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JESSICA NGA NGUYEN,<br><br>   Petitioner,<br><br>   v.<br><br>MIRANDA WALLINGFORD,<br><br>   Respondent. | Case No.: 30-2019-01094599<br><br>**DECLARATION OF MIRANDA WALLINGFORD IN SUPPORT OF RESPONDENT'S MOTION FOR ATTORNEY'S FEES**<br><br>Hearing Date:    March 21, 2023<br>Hearing Time:   8:30 a.m.<br>Judge:              Hon. Sandy N. Leal<br>Department:     C66<br>Reservation No.:  73947269 |

1

DECLARATION OF MIRANDA WALLINGFORD

# DECLARATION OF MIRANDA WALLINGFORD

I, Miranda Wallingford, declare as follows:

1. I am a 79-year-old woman who has lived in my home in Huntington Beach for 53 years. I have been happily married to my husband, Richard Wallingford, for 55 years. Both Richard and I are Respondents to these actions.

2. My husband and I chose our home with the expectation of a quiet, protected, and friendly environment. For over 40 years, our home met and exceeded our expectations.

3. My husband, who is now 80-years-old, suffers from chronic lymphocytic leukemia, complex partial seizures, and has been in and out of the hospital multiple times over the last several years. He is right-handed, and in 2018 was recovering from surgery due to a massive rotator cuff tear and bicep tear.

4. Immediately after Jessica Nguyen, the Petitioner, moved in next door in 2013, she began to complain about leaves from our tree and hedge on our property.

5. Mrs. Nguyen once told me she "hates it here" and that she "never wanted to move here" but her husband "bought the house anyway and he paid too much for it so we can't move." I have heard Mrs. Nguyen state repeatedly that she hates the neighborhood, and it isn't the home she wants. As her next-door neighbor, I feel that my husband and I have been the primary targets of her negative attitude.

6. Mrs. Nguyen has repeatedly threatened, taunted, and frightened my husband and I.

7. Examples of verbal threats she has made in the past to my husband and I, some of which were captured by our security system, include:

    a. "I will get the KKK and they will come and kill you."
    b. "You call the cops on me and I mess with you."
    c. "Fuck with me, I fuck you back."
    d. "You're messing with the wrong Asian."
    e. "I'll find a way."
    f. "You fucking old crippled white trash."
    g. "Fuck you, you mother-fucking old crippled low-life white trash."

1      8.    The intensity and hostile tone of Mrs. Nguyen's voice while making such threats is
2  terrorizing.
3      9.    Most recently, at the hearing on January 17, while walking out of the courtroom
4  after the judge had called a recess for a second time following an altercation between the judge
5  and Mrs. Nguyen's counsel, Mrs. Nguyen turned to my husband and I and stated, "You are not
6  going to get away with this."
7      10.    On several occasions during the pendency of the prior restraining order we had
8  against Mrs. Nguyen, she entered our property without our consent. She has also breached our
9  property line with a tree cutter and water hose to damage our property.
10      11.    Mrs. Nguyen has verbally attacked friends and family that have visited my home.
11  This includes hosing a friend's brand-new car who came to visit my sister-in-law and I. She has
12  also made rude and vulgar comments from her backyard while we were attempting to enjoy some
13  time on our patio with friends. In another instance where my friend came and talked with me on
14  my front lawn, Mrs. Nguyen placed a racists sign on her shrub so that it was only visible to my
15  property and then took it down after my friend left. Anytime my best friends visit, Mrs. Nguyen
16  makes some kind of derogatory remark or a vulgar action.
17      12.    Mrs. Nguyen has verbally attacked workers that have come to my home, including
18  having an (at the time) unknown male threaten our gardeners to the extent that our gardeners will
19  not work at our home anymore. This incident was discussed in detail at the hearing on these
20  matters. Mrs. Nguyen also acted with vulgarity towards a home health nurse who came to treat
21  my husband after he was released from the hospital.
22      13.    Mrs. Nguyen has retaliated against any neighbor who speaks with my husband or
23  I. She damaged the property of the couple who lived on the other side and was so offensive to
24  them that the couple eventually moved out. Other adult neighbors do not come outside very often
25  when she is outside. Other neighbors who used to walk their dogs near our house no longer do so.
26      14.    Mrs. Nguyen has repeatedly thrown objects or other garbage onto our property in
27  full view of our security cameras.
28      15.    Ever since obtaining a restraining order against Mrs. Nguyen, law enforcement

3

DECLARATION OF MIRANDA WALLINGFORD

refused to enforce the order. I believe I had a reasonable expectation that a restraining order would provide some relief from Mrs. Nguyen's ongoing and constant harassment and threats of violence. But there has been no such relief. The response of local law enforcement has left me perplexed, frustrated, frightened, and constantly worried as to Mrs. Nguyen's next retaliation.

16. Mrs. Nguyen has brought 7 different legal actions against us, forcing us to appear in court on 13 separate occasions. At the same time, my father, now 98 years old, was widowed and relocated to Huntington Beach. He is worried that Mrs. Nguyen will one day hurt me and/or Richard.

17. Because of Mrs. Nguyen's actions, my father has not visited my home. All our family gatherings are held at our friends' homes or some other location than our home. We have not been able to hold any barbeques, birthday celebrations, or other holiday events at our home out of fear of Mrs. Nguyen and what she might do.

18. As I have previously testified, Mrs. Nguyen's actions forced us to install our security system for no other purpose than to protect ourselves. We first installed the cameras after Mrs. Nguyen filed a false police report of assault and battery against my husband while he was taking out the trash. Mrs. Nguyen then proceeded to damage our property in areas out of view of the original cameras, so we had additional cameras installed to cover all areas of our property. We were also forced to install cameras that record 24/7 as Mrs. Nguyen has repeatedly attempted to damage or trespass on our property at night.

19. As I have also previously testified, at no point did we install any cameras on our property for the purpose of harassing Mrs. Nguyen. We hired a professional company for the installation and let them decide the best position and placement of the cameras. The first time I learned of Mrs. Nguyen complaining about our cameras was after she had filed another restraining order petition against us. Mrs. Nguyen had never made any such complaint known to us previously, nor did she make any such complaints during her first petition for a restraining order which was dismissed. I immediately contacted the company to have the cameras adjusted to the extent possible, which they did and the court accepted.

20. To this day I am still perplexed as to why the court issued a restraining order

against us despite adjusting the cameras which the court accepted, and despite my testimony that the purpose of the cameras was to protect my husband and I from Mrs. Nguyens constant and repeated threats of violence and harassment.

21. I miss peace and quiet, working in my yard, having family and friends visit my home, and feeling comfortable having workers or repair people come when we need them. But most of all, I miss feeling calm, safe, and in control as I used to before Mrs. Nguyen moved in. Instead, my husband and I are now and have been denied all of this because of Mrs. Nguyen and her constant harassment and threats of violence. I desperately need my ability to live in peace in my own home returned to me.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this 14th day of February, 2023, at Huntington Beach, California.

_____
Miranda Wallingford
Declarant

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ORANGE

I, Laura Palmerin, am employed in the City of Long Beach, Los Angeles County, California. I am over the age eighteen (18) years and am not a party to the within action. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

On February 15, 2023, I served the foregoing document(s) described as:

**DECLARATION OF MIRANDA WALLINGFORD IN SUPPORT OF RESPONDENTS' MOTION FOR ATTORNEY'S FEES**

on the interested parties in this action by placing
[ ] the original
[X] a true and correct copy
thereof by the following means, addressed as follows:

Frances Prizzia
Law Offices of Frances Prizzia
5000 Birch St., Ste. 3000
Newport Beach, CA 92660
frances@prizzialegalteam.com
*Attorney for Petitioner Jessica Nga Nguyen*

__X__ (<u>BY MAIL</u>) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Long Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date is more than one day after date of deposit for mailing an affidavit.

__X__ (<u>BY ELECTRONIC MAIL</u>) As follows: I served a true and correct copy by electronic transmission. Said transmission was reported and completed without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 15, 2023, at Long Beach, California.

_____
Laura Palmerin

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2023, an electronic PDF of APPELLANTS' MOTION TO TAKE JUDICIAL NOTICE; DECLARATION OF ANNA M. BARVIR IN SUPPORT was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Dated:  February 15, 2023        s/ Anna M. Barvir
                                                  Anna M. Barvir