21-56292

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**MIRANDA WALLINGFORD and RICHARD WALLINGFORD,**

                Plaintiffs-Appellants,

v.

**ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,**

                Defendants-Appellees.

On Appeal from the United States District Court
for the Central District of California

No. 8:21-cv-01412-DOC-KES
The Honorable David O. Carter, Judge

**REPLY BRIEF IN SUPPORT OF
DEFENDANT-APPELLEE ROB BONTA'S
MOTION TO DISMISS APPEAL**

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

ANTHONY P. O'BRIEN
Deputy Attorney General
State Bar No. 232650
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6002
 Fax: (916) 324-8835
 Email: Anthony.OBrien@doj.ca.gov
*Attorneys for Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of California*

## TABLE OF CONTENTS

**Page**

Introduction .................................................................................................. 1

Argument .................................................................................................... 3

    I.    This Matter Is Not "Capable of Repetition Yet Evading Review" ............................................................................................ 3

    II.    The Supreme Court Rejected the "*Howard* Exception" to the Mootness Doctrine .............................................................. 5

    III.   The Voluntary Cessation Doctrine Does Not Apply ................ 5

Conclusion .................................................................................................. 7

Certificate of Compliance ........................................................................... 8

# TABLE OF AUTHORITIES

Page

**CASES**

*Brach v. Newsom*
 38 F.4th 6 (9th Cir. 2022) ................................................................... 4, 6

*City & County of S.F. v. Garland*
 42 F.4th 1078 (9th Cir. 2022) .................................................................7

*Gerstein v. Pugh*
 420 U.S. 103 (1975) .................................................................................5

*New York State Rifle & Pistol Ass'n v. Bruen*
 142 S. Ct. 2111 (2022) .............................................................................6

*Portman v. County of Santa Clara*
 995 F.2d 898 (9th Cir. 1993) ...................................................................6

*Rosebrock v. Mathis*
 745 F.3d 963 (9th Cir. 2014) ...................................................................6

*United States v. Howard*
 480 F.3d 1005 (9th Cir. 2007) .................................................................5

*United States v. Sanchez-Gomez*
 138 S.Ct. 1532 (2018) ......................................................................... 2, 5

*Williams v. Alioto*
 549 F.2d 136 (9th Cir. 1977) ...................................................................4

**STATUTES**

California Code of Civil Procedure
 § 527.6 ................................................................................................ 3, 5
 § 527.6, subd. (u) ....................................................................................1
 § 527.9 ....................................................................................................1

# TABLE OF AUTHORITIES
## (continued)

**Page**

California Penal Code
  § 27500 ............................................................................................................1
  § 27540 ............................................................................................................1
  § 29825 ............................................................................................................1
  § 30305-30306 .................................................................................................1
  § 30370 ............................................................................................................1

## INTRODUCTION

In his supplemental brief (Dkt. 39), Defendant-Appellee Rob Bonta ("Attorney General") notified the Court that the restraining orders against Plaintiffs-Appellants Miranda and Richard Wallingford ("Appellants" or "Wallingfords") had expired on their own terms after the Orange County Superior Court dismissed Jessica Nguyen's motions to renew the orders on January 17, 2023. *See* Dkt. 41 at Exs. 1, 2 (superior court order dismissing Ms. Nguyen's motions to renew the restraining orders). The Attorney General also explained that the orders' expiration mooted the Wallingfords' constitutional challenge to state laws requiring the confiscation of firearms while a restraining order is in effect.[1] Dkt. 39 at 3-9.

The Court construed the brief as a motion to dismiss and asked the parties for response and reply briefs. Dkt. 44. For the reasons discussed in the supplemental brief and below, the Court should dismiss this appeal. Appellants do not dispute that this matter is moot as a result of the expired restraining orders, and their efforts to establish an exception to the mootness doctrine fall well short.

In opposition, the Wallingfords argue that this matter is "capable of repetition yet evading review," claiming it is reasonably likely that Ms. Nguyen will apply

---

[1] California Code of Civil Procedure §§ 527.6, subd. (u), and 527.9 and California Penal Code §§ 29825, 27500, 27540, 30305-30306, 30370. *See* Dkt. 7-5 (4-ER-0668-69 [Compl. ¶ 6]).

for a restraining order in the future. Even if true, it is speculative to suggest that the superior court will issue a restraining order, particularly given the court's recent denial of a renewal request. The Wallingfords therefore cannot establish a "reasonable likelihood" that they will be subjected to the challenged restrictions anew. Moreover, their inexcusable two-year delay in challenging the state laws undermines their argument that this matter evades review.

The Wallingfords' further argument that another exception to the mootness doctrine applies—based on the idea that non-parties may benefit from the challenge to an ongoing policy—was flatly rejected by the Supreme Court in *United States v. Sanchez-Gomez*, 138 S.Ct. 1532 (2018).

Finally, Appellants' claim that the "voluntarily cessation" exception applies here ignores the fact that the restraining orders triggering the firearms restrictions have expired under their own terms, and not as a result of any action by the State.

This matter is now moot, and no exception applies. The Court should dismiss the appeal as moot, vacate the decision below, and remand with instructions to dismiss this case as moot.[2]

/ / /

/ / /

---

[2] The complaint seeks only declaratory and injunctive relief on the Second Amendment claim. Dkt 7-5 (4-ER-678-81).

# ARGUMENT

I.  **THIS MATTER IS NOT "CAPABLE OF REPETITION YET EVADING REVIEW"**

The Wallingfords argue that their claims are "capable of repetition yet evading review" because they have a "reasonable expectation" that Ms. Nguyen may seek new restraining orders against them, again triggering the firearm prohibition under California Code of Civil Procedure Section 527.6.[3]  Dkt. 45 at 1-4.  This argument, however, ignores the fact that the superior court has already rejected Ms. Nguyen's motions to renew the restraining orders, in spite of the extensive record of disputes between the neighbors, and any reissuance of a restraining order is speculative.[4]  *See* Dkt. 41.

Appellants do not dispute that the restraining orders have expired and fail to establish that it is reasonably likely that a superior court will issue a new restraining order against them.  Rather, they rely on the history of conflict and legal actions between them and Ms. Nguyen to argue that Ms. Nguyen will "likely" apply for new restraining orders against them.  Dkt. 45 at 2-3.  But even if Ms.

---

[3] All subsequent statutory reference are to the California Code of Civil Procedure, unless otherwise noted.

[4] The Attorney General's supplemental brief (Dkt. 39 at 6 n.5) outlined the extensive history of restraining orders, hearings, and trials between Ms. Nguyen and Appellants in this matter.  *See* Dkt. 7-5 (4-ER-373-429, 640-46 [Nov. 1, 2019 Minute Orders]; 673-75 [Compl. ¶¶ 25-26, 30, 37]; *see also* Dkt. 7-3 (2-ER-22-63); Dkt. 7-4 (3-ER-373-429).

Nguyen applies for new restraining orders, it is speculative to assume that any superior court will grant such orders—even on a temporary basis. To the contrary, the available evidence indicates that the superior court is likely to *reject* any such requests. The court was already aware of the long history of conflict between Ms. Nguyen and the Wallingfords when it denied Ms. Nguyen's request to renew the orders. Dkt. 41. Therefore, any assumption that a court would grant Ms. Nguyen's request for another restraining order—when it has already rejected such a request based on the same evidence—is speculative, and therefore "not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists." *Brach v. Newsom*, 38 F.4th 6, 14 (9th Cir. 2022); *see also Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977) (noting that "[a] mere speculative possibility of repetition is not sufficient" to apply the mootness exception).

    Moreover, this matter is not the type of case that evades review. Appellants do not dispute that they waited two years after the permanent restraining order issued in November 2019 before filing this action (Dkt. 7-5 (4-ER-681)), yet still argue that "federal litigation—through appeal—takes *years* to resolve." Dkt. 45 at 4 (emphasis in original). The record in this case refutes Appellants' assertions. In spite of Appellants' delay, this matter reached this court by November 2021—only three months after being filed in district court—and was briefed, argued, and submitted less than eight months after being docketed in this Court. Dkt. 1, 26.

4

Had Appellants promptly challenged Section 527.6, this Court could have resolved the appeal before the expiration of the three-year restraining order. And of course, both this Court and the district court have procedures available for emergency or expedited relief, which Appellants did not utilize. As such, this matter cannot be defined as one that evades review to justify an exception to the mootness doctrine.

**II. THE SUPREME COURT REJECTED THE "*HOWARD* EXCEPTION" TO THE MOOTNESS DOCTRINE**

Appellants also contend that a mootness exception articulated in *United States v. Howard*, 480 F.3d 1005 (9th Cir. 2007) should apply here, because they challenge an ongoing policy affecting other individuals potentially subject to Section 527.6 through the equivalent of a "functional class action." Dkt. 45 at 5-7. The Supreme Court has denied this argument. *See Sanchez-Gomez*, 138 S.Ct. at 1538 ("We reject the notion that *Gerstein* [*v. Pugh*, 420 U.S. 103, 110-11 (1975)] supports a freestanding exception to mootness outside the class action context"; *see id.* at 1540 (The "mere presence of allegations that might . . . benefit other similarly situated individuals cannot save [plaintiffs'] suit from mootness once their individual claims have dissipated.") (cleaned up).

**III. THE VOLUNTARY CESSATION DOCTRINE DOES NOT APPLY**

Appellants' argument that the voluntary cessation doctrine should apply—because Ms. Nguyen allegedly holds "the lever that triggers the injury that the Wallingfords complain of" (Dkt. 45 at 7)—misunderstands the doctrine. The

5

voluntary cessation doctrine does not depend on Ms. Nguyen, but on whether the State voluntarily ceased its conduct. *See Rosebrock v. Mathis*, 745 F.3d 963, 972 (9th Cir. 2014) (defining conditions in which a policy change may render a case moot). Here, the State did not voluntarily halt enforcement of the firearms restrictions; the restraining orders triggering those restrictions "expired by their own terms." *Brach*, 38 F.4th at 12. Without the State's voluntary cessation of any conduct, the voluntary cessation doctrine does not apply.

Appellants' claim that this matter may be ripe for a facial constitutional challenge under *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) (*see* Dkt. 45 at 8) is also unavailing. Because there is no pending restraining order, there is no injury that may be redressed in this case. *See Portman v. County of Santa Cl*ara, 995 F.2d 898, 902 (9th Cir. 1993) (the ripeness doctrine "seeks to separate matters that are premature for review because the injury is speculative and may never occur") (citation omitted).

/ / /

/ / /

## CONCLUSION

Because this case became moot "during the course of an appeal and pending a decision on the merits," this Court should dismiss the appeal, "vacate the judgment below and remand with a direction to dismiss." *City & County of S.F. v. Garland*, 42 F.4th 1078, 1088 (9th Cir. 2022) (quotation omitted).

Dated:  March 1, 2023          Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of California*

SA2021305878
36969788.docx

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 21-56292

I am the attorney or self-represented party.

**This brief contains** | 1,398 | **words,** including | 0 | words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◯ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  ☐ it is a joint brief submitted by separately represented parties.
  ☐ a party or parties are filing a single brief in response to multiple briefs.
  ☐ a party or parties are filing a single brief in response to a longer joint brief.

● complies with the length limit designated by court order dated | 2/1/2023 |.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Anthony P. O'Brien | **Date** | 3/1/2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/22*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Miranda Wallingford et al. v. Rob Bonta** | No. | **21-56292** |

I hereby certify that on <u>March 1, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY BRIEF IN SUPPORT OF DEFENDANT-APPELLEE ROB BONTA'S MOTION TO DISMISS APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 1, 2023</u>, at Sacramento, California.

| | |
|---|---|
| Eileen A. Ennis | /s/ Eileen A. Ennis |
| Declarant | Signature |

SA2021305878
36967481.docx